1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JEFFREY PAUL JOHNSON, JANETH          No.  2:16-cv-763-GEB-EFB PS
    SENO JOHNSON,
12
            Plaintiffs,
13                                        ORDER
        v.
14
    CHILD PROTECTIVE SERVICES,
15
            Defendant.
16

17
        Plaintiffs seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  Their
18
    declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.
19
    Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).
20
        Determining that plaintiffs may proceed *in forma pauperis* does not complete the required
21
    inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the
22
    allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on
23
    which relief may be granted, or seeks monetary relief against an immune defendant.
24
        Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
25
    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
26
27
    ───────────────
28      [1]  This case, in which plaintiffs are proceeding *in propria persona*, was referred to the
    undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

                                          1

1   fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

2   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

3   (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

4   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

5   a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

6   relief above the speculative level on the assumption that all of the complaint's allegations are

7   true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

8   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

9   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10       In reviewing a complaint under this standard, the court must accept as true the allegations

11   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

12   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

13   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy

14   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)

15   "requires a complaint to include a short and plain statement of the claim showing that the pleader

16   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

17   upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing

18   *Conley v. Gibson*, 355 U.S. 41 (1957)).

19       Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

20   those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,

21   511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,

22   confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction

23   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

24   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

25   authorized by a federal statute that both regulates a specific subject matter and confers federal

26   jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

27   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

28   matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

2

1   *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

2   of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of

3   subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

4   *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

5           The complaint alleges that plaintiffs' four children were wrongfully removed from their

6   care by defendant Child Protective Services ("CPS") based on false allegations that plaintiff

7   Jeffrey Johnson, the children's father, engaged in sexual abuse of the children.  ECF No. 1 at 1-2.

8   Since the children's placement in foster care, the father has not been permitted to see the children

9   due to the state court allegedly ignoring his requests for visitations.  *Id.* at 3.  The complaint

10  further alleges that the children have been abused and their basic needs neglected by CPS and

11  their foster parents.  *Id.* at 4, 7.  Plaintiffs also allege that CPS made false representations to the

12  Social Security Administration to take away from the father social security benefits belonging to

13  the children.  *Id.* at 8.  In addition to seeking damages, the complaint requests that plaintiffs'

14  children be returned to their mother.  *Id.* at 11-12.

15          The complaint purports to assert claims against defendant Child Protective Services under

16  42 U.S.C. § 1983.  ECF No. 1 at 1.  Plaintiffs' allegations indicate that a dispute regarding the

17  custody of their children is still pending in state court.  Thus, under the *Younger* abstention

18  doctrine, plaintiffs must use the available state court process to appeal or challenge the decisions

19  made by the state court.  *Younger v. Harris* held that federal courts should not enjoin pending

20  state criminal proceedings except under extraordinary circumstances.  401 U.S. 37, 49, 53 (1971).

21  The *Younger* doctrine has since been extended to civil actions.  *See Gilbertson v. Albright*, 381

22  F.3d 965, 971–72 (9th Cir. 2004) (en banc).  Therefore, federal courts ordinarily must refrain

23  from exercising jurisdiction in actions for injunctive or declaratory relief that would interfere with

24  pending state judicial proceedings.  *See Gilbertson*, 381 F.3d at 975, 978.  In the Ninth Circuit,

25  *Younger* abstention prevents a court from exercising jurisdiction when three criteria are met: 1)

26  there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3)

27  there is an adequate opportunity to raise the federal question at issue in the state proceedings.

28  /////

1   *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).  Further, a court may consider

2   *sua sponte* whether *Younger* abstention should be invoked.  *See id.*

3         It appears from the complaint that these factors are met in this case.  Plaintiffs' allegations

4   indicate that a child custody action is pending in state court that involved the same custody

5   dispute raised in this complaint.  Thus, it appears this court lacks jurisdiction over this action.

6   Plaintiffs, however, will be given leave to file an amended complaint explaining, if they can, why

7   the *Younger* abstention doctrine does not apply to this case.

8         If the state court proceedings have concluded, but were resolved adversely to plaintiffs,

9   federal jurisdiction would still be lacking over matters decided by the state court.  Under the

10  *Rooker–Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear

11  an appeal from the judgment of a state court.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

12  544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S.

13  462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).  *The Rooker–Feldman*

14  doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are

15  raised in the subsequent federal case, or if the constitutional claims presented to the district court

16  are "inextricably intertwined" with the state court's denial of relief.  *Bianchi v. Rylaarsdam*, 334

17  F.3d 895, 898–99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16).  *Rooker–Feldman*

18  thus bars federal adjudication of any suit where a plaintiff alleges an injury based on a state court

19  judgment or directly appeals a state court's decision.  *Id.* at 900 n. 4.

20        The district court lacks subject matter jurisdiction either to conduct a direct review of a

21  state court judgment or to scrutinize the state court's application of various rules and procedures

22  pertaining to the state case.  *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996),

23  aff'd, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291–92 (9th Cir.1995)

24  (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit

25  reversal of state trial court action).  "That the federal district court action alleges the state court's

26  action was unconstitutional does not change the rule."  *Feldman*, 460 U.S. at 486.  In sum, "a

27  state court's application of its rules and procedures is unreviewable by a federal district court.

28  The federal district court only has jurisdiction to hear general challenges to state rules or claims

4

1    that are based on the investigation of a new case arising upon new facts." *Samuel*, 980 F. Supp. at

2    1412–13.

3            In addition, and perhaps more fundamentally, federal district courts have no jurisdiction

4    over child custody issues, which are exclusively matters of state law.  *See Ankenbrandt v.*

5    *Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal

6    subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child

7    custody decrees.").

8            Aside from the jurisdictional hurdle, the complaint also fails to state a claim for relief

9    upon which relief may be granted.  The complaint purports to allege claims under 42 U.S.C.

10   § 1983 against defendant CPS for violation of plaintiffs' constitutional rights.  *See* ECF No. 1 at

11   1.  "Municipalities and other local government units . . . [are] among those persons to whom

12   § 1983 applies."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, a municipal

13   entity or its departments, is liable under § 1983 only if plaintiff shows that his constitutional

14   injury was caused by employees acting pursuant to the municipality's policy or custom.  *See*

15   *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (citing 436 U.S. at

16   690-94).  "[A]n act performed pursuant to a 'custom' that has not been formally approved by an

17   appropriate decisionmaker may fairly subject a municipality to liability on the theory that the

18   relevant practice is so widespread as to have the force of law."  *Board of Cty. Comm'rs. of Bryan*

19   *Cty. v. Brown*, 520 U.S. 397, 404 (1997).  A local governmental entity may also be liable if it has

20   a "policy of inaction and such inaction amounts to a failure to protect constitutional rights."

21   *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton v. Harris*, 489 U.S.

22   378 (1989)); *see also Monell*, 436 U.S. at 690-91.  The custom or policy of inaction, however,

23   must be the result of a "conscious," *City of Canton*, 489 U.S. at 389, or "'deliberate choice to

24   follow a course of action . . . made from among various alternatives by the official or officials

25   responsible for establishing final policy with respect to the subject matter in question.'"  *Oviatt*,

26   954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality

27   opinion)).

28   /////

                                                  5

1    Plaintiffs' complaint does not allege a constitutional violation based on a policy or

2    custom.  Accordingly, plaintiffs fail to state a claim against defendant under § 1983.

3    Based on the forgoing, the court finds that plaintiffs' compliant must be dismissed.

4    Plaintiffs are granted leave to file an amended complaint, if they can allege a basis for this court's

5    jurisdiction, as well as a cognizable legal theory against a proper defendant and sufficient facts in

6    support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

7    (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any

8    deficiency in their complaints).  Should plaintiffs choose to file an amended complaint, the

9    amended complaint shall clearly set forth the allegations against each defendant and shall specify

10   a basis for this court's subject matter jurisdiction.  Any amended complaint shall plead plaintiffs'

11   claims in "numbered paragraphs, each limited as far as practicable to a single set of

12   circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-

13   spaced text on paper that bears line numbers in the left margin, as required by Eastern District of

14   California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings

15   to delineate each claim alleged and against which defendant or defendants the claim is alleged, as

16   required by Rule 10(b), and must plead clear facts that support each claim under each header.

17   Any amended complaint must identify as a defendant only persons who personally

18   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

19   *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

20   constitutional right if he does an act, participates in another's act or omits to perform an act he is

21   legally required to do that causes the alleged deprivation).  It must also contain a caption

22   including the names of all defendants. Fed. R. Civ. P. 10(a).

23   Additionally, plaintiffs are informed that the court cannot refer to prior pleadings in order

24   to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

25   complete in itself.  This is because, as a general rule, an amended complaint supersedes the

26   original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

27   plaintiff files an amended complaint, the original no longer serves any function in the case.

28   Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiffs that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiffs' complaint is dismissed with leave to amend, as provided herein.

3. Plaintiffs are granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  June 14, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7