UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PAUL JOHNSON, JANETH SENO JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>CHILD PROTECTIVE SERVICES, et al.,<br><br>Defendants. | No. 2:16-cv-763-GEB-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

The court previously granted plaintiffs' request for leave to proceed *in forma pauperis*, but dismissed their original complaint with leave to amend pursuant to 28 U.S.C. 1915(e)(2).[1] Plaintiffs have since filed a first amended complaint. However, their amended complaint fails to cure the defects that resulted in the dismissal of the original complaint and it, too, must be dismissed.

Plaintiffs' original complaint alleged that their four children were wrongfully removed from their care by defendant Child Protective Services ("CPS") based on false allegations that plaintiff Jeffrey Johnson, the children's father, sexually abused them. ECF No. 1. It further alleged that the children were abused and neglected by CPS and their foster parents, and that Mr.

---

[1] This case, in which plaintiffs are proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Johnson was not permitted to see the children due to the state court ignoring his requests for visitation.

The dismissal order explained that plaintiffs' claims, which were brought under 42 U.S.C. § 1983, appeared to be barred by the *Younger* abstention doctrine, as the allegations indicated that a child custody action was pending in state court that involved the same custody dispute raised in this action. ECF No. 3 at 3-4. The order further explained that under the *Rooker-Feldman* doctrine, even if the state court case had concluded, but was resolved adversely to plaintiffs, this court would still lack jurisdiction over matters decided by the state court. *Id*. at 4-5. Lastly, the order explained that federal district courts generally lack jurisdiction over child custody issues, which are exclusively matters of state law. *Id*. at 5; *see Ankenbrandt v. Richards*, 504 U.S. 689, 702, 704 (1992). Aside from the jurisdictional deficiencies, the original complaint also failed to state a section 1983 claim against CPS because plaintiff s failed to allege a constitutional injury as a result of any policy or custom. *Id*. at 5-6.

Accordingly, the complaint was dismissed. Plaintiffs were granted leave to amend to provide plaintiffs an opportunity to allege, if they could, "a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory." *Id*. at 6. Plaintiffs were also instructed to, if they could, explain why the *Younger* abstention doctrine does not apply to this case. Plaintiffs have filed an amended complaint, ECF No. 4, and as explained below, it too, fails to establish the court's subject matter jurisdiction.

As previously explained, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on

the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court accepts as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construes the pleading in the light most favorable to the plaintiff, and resolves all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, the complaint must establish a basis for the court's subject matter jurisdiction. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The amended complaint alleges claims against CPS and eight of its employees. ECF No. 4. Plaintiffs allege that defendants wrongfully removed their minor children from their custody and placed the children in foster care based on allegations that plaintiff Jeffrey Johnson, the

children's father, physically and sexually abused them. *Id*. at 3. After the children were removed, defendant Lianne Willey, a CPS case worker, advised plaintiffs that if they divorced the children could live with their mother, plaintiff Janeth Johnson. *Id*. Plaintiffs were also told by defendant Rosa Gandarilla, a CPS case worker, that if they lived in separate residences the "kids would come home." *Id*. Plaintiffs apparently followed these recommendations and obtained a divorce. However, the juvenile court case concerning their children was eventually closed, but three of the children remain in foster care.[2] *Id*. at 4-5. The complaint also alleges that a CPS supervisor "intercepted" the children's social security benefits, despite plaintiffs "never authoriz[ing] any social security to be taken by CPS." *Id*.

The amended complaint establishes that plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898–99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). *Rooker-Feldman* thus bars federal adjudication of any suit where a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id*. at 900 n. 4.

The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit

---

[2] As noted above, plaintiffs' original complaint indicated that four children were removed and placed in foster care. While the amended complaint explains that 3 of the children remain in foster care, it is silent as to the situation concerning the fourth child.

4

reversal of state trial court action). "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486. In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." *Samuel*, 980 F. Supp. at 1412-13.

The complaint alleges that defendants violated plaintiffs' (1) Fourth Amendment right to be free from unlawful search and seizure by removing their children without probable cause, (2) Fifth Amendment right by forcing plaintiffs to answer incriminating questions without an attorney, (3) and Fourteenth Amendment right to due process by removing the children without a warrant. ECF No. 4 at 5. Each of these claims relate to plaintiffs' children being removed from their custody and placed in foster care, which was the subject of the state court action. Accordingly, plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.

Additionally, as already explained to plaintiffs, the court is also without jurisdiction over their claims because they concern child custody issues, which are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees.").

Lastly, the complaint also purports to allege claims on behalf of plaintiffs' minor children. Specifically, plaintiffs allege that CPS stole social security benefits belonging to the children. This purported claim fails to state a cognizable claim for a number of reasons. First, the complaint indicates that plaintiffs are not legally authorized to bring a claim on behalf of the children. "It is well established that the federally protected rights that are enforceable under § 1983 are 'personal' to the injured party." *Rose v. City of Los Angeles*, 814 F. Supp. 878, 881 (C.D. Cal. 1993). While a legal representative "may sue or defend on behalf of a minor," Fed. R. Civ. P. 17(c), neither plaintiff has established such representative capacity and the complaint itself indicates that the child custody case litigated in state court was decided adversely to plaintiffs, suggesting that they are no longer the legal representatives of the minor children. Even

assuming that plaintiffs remain the children's legal guardians, they still may not pursue claims on behalf of their children without first retaining an attorney. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Accordingly, any challenge to the government withholding the children's social security benefits or making those payments to a representative payee other that the plaintiffs must be dismissed.³

Given the jurisdictional deficiency, as well as plaintiffs' failure to remedy the deficiency in their amended complaint, the court finds that further amendment would be futile. Accordingly, plaintiffs' amended complaint should be dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby RECOMMENDED that plaintiffs' first amended complaint be dismissed without leave to amend and the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 3, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

³ The court also notes that a successful challenge to CPS receiving the children's benefits is doubtful. County agencies are permitted to recover the reasonable costs of supporting a minor child placed in foster care, Cal. Wel. & Inst. Code § 903, and such costs may be recovered from a child's social security benefits, *Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler*, 537 U.S. 371 (2003).